## In re JIFFY LUBE SECURITIES LITIGATION.

### Civ. No. Y–89–1939.

United States District Court, D. Maryland.

March 16, 1990.

John Isbister, Baltimore, Md., Bruce E. Gerstein, New York City, and Steven J. Toll, Washington, D.C., co-lead counsel, for plaintiffs.

Wilbur D. Preston, Jr., and Fenton L. Martin, Baltimore, Md., counsel for defendant Ernst & Young.

Charles S. Fax, Baltimore, Md., for defendant Shearson Lehman Hutton, Inc.

John Henry Lewin, Jr., Baltimore, Md., for defendant Jiffy Lube Intern., Inc.

Joseph D. Cheavens, Houston, Tex., for Pennzoil Co.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiffs have filed a Motion to Amend the Consolidated Amended Complaint in this class action alleging securities fraud and the sole remaining defendant, Ernst & Young, has raised additional issues relating to discovery subsequent to a partial class settlement previously approved by the Court.

### I. *Facts.*

On December 11, 1989, the Court conducted a fairness hearing to determine whether a proposed stipulation of partial settlement between the class of shareholder plaintiffs and defendants Jiffy Lube International (JLI), Shearson Lehman Hutton, Inc. and Alex. Brown & Sons, Inc. (underwriter defendants), W. James Hindman and other individual defendants ("settling defendants"), was "fair, adequate and reasonable" and conforming to the requirements of 23(e) and 54(b), Fed.R.Civ.P., governing court approval of class settlements. Approval was granted by Memorandum and Order dated January 2, 1990.

The Stipulation of Settlement included certain conditions relating to "opt-outs" and appeals which, upon request by the settling parties were kept under seal by Order dated October 13, 1989. Ernst & Young opposed the sealing of these settlement conditions on grounds that they created the appearance of collusion and, to the extent they related to a requested order barring indemnity actions against the settling defendants, were unduly prejudicial to Ernst & Young as the sole remaining (nonsettling) defendant. Accordingly, Ernst & Young filed a Motion to Unseal which is still pending.

Approximately one week prior to the fairness hearing, another dispute arose between the settling parties and Ernst & Young, regarding certain discovery documents obtained by Plaintiffs pursuant to an alleged confidentiality agreement between all parties except Ernst & Young.

These documents included transcripts of "informal interviews" of the settling Defendants' officers conducted by Plaintiffs' counsel without notice to Ernst & Young. However, counsel for Ernst & Young did obtain one of the transcripts (an "interview" of Alvin B. Krongard, COO of Alex. Brown), from the reporting firm assigned to the interview.

Cross motions were filed by Ernst & Young and the Underwriter defendants, each seeking an order compelling production (or return) of the "confidential" transcripts held by the other. By Order dated December 15, 1989, the Court required both of the cross movants to deliver the contested transcripts to the Court to be sealed subject to later disclosure upon a showing of good cause.

Finally, subsequent to the approval of the partial settlement, Plaintiffs filed a Motion for Leave to Amend the Consolidated Amended Complaint including a request to be relieved from Local Rule 103 requiring the highlighting of amendments to pleadings. Ernst & Young opposes amendment on grounds that it has appealed the partial settlement and that the proposed amendment seeks to place a greater proportional share of liability on it.

The unresolved matters currently pending between the class of shareholder plaintiffs and the non-settling defendant, Ernst & Young, may be broken down into three basic issues:

    1. Whether the reasons supporting the sealing of the stipulation re "opt-outs and appeals" have become moot requiring the unsealing of that portion of the settlement agreement;

    2. Whether Ernst & Young is entitled to discovery of the "confidential" transcripts currently under seal pursuant to the December 15, 1989 Order; and,

    3. Whether the Court should exercise its discretion to grant Plaintiffs leave to amend the Consolidated Amended Complaint.

## II. Analysis

### A. Sealed Stipulation.

By letter to the Court dated February 7, 1990, co-lead counsel for Plaintiffs stated that Plaintiffs have no objection to unsealing the Stipulation Re: Opt–Outs and Appeals at this time.

In their October 11, 1989 motion to place the stipulation under seal, Plaintiffs stated that "[t]he parties believe the Seal Order they seek is of a temporary nature, and can be lifted, if and when, the Court approves the Settlement at the hearing proposed for December 11, 1989."

The Court concludes that the reasons justifying sealing the stipulation no longer apply and notes that all parties agree to unsealing the document. Therefore, Ernst & Young's Motion to Unseal will be granted and the stipulation will be made available for inspection and copying.

### B. Informal Discovery Materials Under Seal.

■ Ernst & Young continues to seek discovery of the transcripts of "informal interviews" with settling defendants, which are held under seal pursuant to the December 15, 1989 Order, contending that the procedure by which the transcripts and related documents were obtained was, and continues to be, prejudicial to them and "it gives the appearance of collusion in regard to the partial settlement and the continuing litigation against [Ernst & Young]."

These same contentions provided the basis for Ernst & Young's earlier Motion for Relief (Doc. 36). That motion was resolved by the December 15, 1989 Order which provided that the sealing of the documents would be "subject to later disclosure upon a showing of good cause." The Court thus deferred the question of whether, as a result of the apparent intention of the settling parties to be bound by confidentiality, the information exchanged pursuant to their informal "confidentiality agreement" is privileged or otherwise non-discoverable by Ernst & Young.

Rule 26(b)(1), Fed.R.Civ.P., provides that:

Parties may obtain discovery regarding any matter, *not privileged*, which is *relevant* to the subject matter involved in

the pending action.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. [emphasis added]

Ernst & Young asserts that the sealed materials are relevant to the pending litigation (as opposed to the settlement alone) as evidenced by the "terms" of the informal agreement asserted by the settling parties.

The Court agrees that the sealed materials are relevant to the post-settlement litigation as evidenced by the expressed intentions of the settling parties. The October 12, 1989 letter, which has been asserted as the basis for an informal confidentiality agreement, contains the statement that:

The Discovery Materials to be produced by Shearson and Alex. Brown to the plaintiffs shall be used for purposes of ... (c) subsequently, in connection with any continuing litigation relating to non-settling parties.

Letter of October 12, 1989, attached as Exhibit "B" to Defendant Underwriters' Motion to Compel, at 1.

These terms are inconsistent with representations made by counsel for the settling parties during the December 11, 1989 hearing to the effect that the purpose of the "informal" discovery was limited to satisfying plaintiffs' counsel of the fairness of the terms of settlement to the class. It may therefore be concluded that the materials are relevant and subject to discovery *unless privileged.* Fed.R.Civ.P. 26(b)(1).

The Court finds that it would be premature to determine the issue of privilege at this time. Based upon representations of counsel made at the March 5, 1990 conference, it appears that Ernst & Young has not tendered formal discovery requests relating to the sealed documents. As a consequence, Plaintiffs have not had an opportunity to seek a protective order under Fed.R.Civ.P. 26(c) or otherwise assert a privilege or immunity relating to the documents. The Court defers further consideration of the discoverability of the sealed documents until both sides have had an opportunity to brief such issues as may arise under the Rules governing discovery. Pending further order of the Court, the documents will remain under seal.

C. *Motion to Amend Consolidated Amended Complaint.*

■ The final issue relates to the Court's discretion under Rule 15(a) to grant leave to amend the complaint a second time. The first amendment was granted upon consolidation of the seven original class actions in June 1989. Plaintiffs presently seek to amend the complaint to "focus the issues" relating to the claims against the sole remaining defendant, Ernst & Young.

Ernst & Young opposes amendment on the grounds that in the event it wins the pending appeal of the class settlement, an anomaly would result because the settling defendants would not have settled and there would be no complaint stating claims for relief against them. Plaintiffs contend that the chances of an appeal resulting in termination of the settlement are remote and if that should occur, further amendment would correct the "anomaly".

Fed.R.Civ.P. 15(a) provides that leave to amend be "freely given when justice so requires". In exercising its discretion, the Court must consider all the circumstances. *Justice v. Pennzoil Co.,* 598 F.2d 1339, 1345 (4th Cir.) *cert. denied* 444 U.S. 967, 100 S.Ct. 457, 62 L.Ed.2d 380 (1979); *Donovan v. Porter,* 584 F.Supp. 202, 208 (D.Md. 1984); *see generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure, 2d ed.,* § 1484. However, the Court will not speculate as to the ultimate disposition of the appeal of the January 2, 1990 Order.

Having reviewed the Consolidated Amended Complaint, the Court concludes that there is no present need to "focus" the issues or otherwise modify the allegations contained therein. Under principles of notice pleading, it is sufficient that Ernst & Young knows the essential nature of the allegations against it. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The settlement as to the co-defendants does not constitute newly discovered evidence or present a need for further clarification of the allegations set forth in the

original complaint at this time. Accordingly, the circumstances presented by the instant motion are distinguishable from those cases where amendment is necessary to prevent unfair surprise or similar prejudice to the defendant. *See Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir.1961).

Furthermore, Plaintiffs do not contend that amendment is necessary to cure a defect in the original complaint resulting in a failure to state a claim. *See* Advisory Committee Notes to 1963 Amendment to Rule 15. There is no indication that Plaintiffs would be harmed if not permitted to file a second amended complaint at this time. The Court concludes that the proposed amendment would not serve any useful purpose at this time and will deny Plaintiffs' motion. If the January 2, 1990 ruling is affirmed on appeal, the Court will again consider the question of whether amendment would be appropriate.

### III. *Conclusion.*

For the foregoing reasons, the Court concludes that there no longer exists reasons to retain the Stipulation re Opt–Outs and Appeals under seal, and that the question of unsealing the documents relating to "informal interviews" conducted prior to approval of the partial settlement should be deferred pending formal discovery procedures. Finally, there has been no showing of lack of notice to Defendant or other grounds justifying amendment of the complaint at this time. The Court concludes that such amendment would be premature but will reconsider the question of amendment when appropriate.

### ORDER

In accordance with the attached Memorandum, it is this 16th day of March, 1990, by the United States District Court for the District of Maryland ORDERED:

1. That Ernst & Young's Motion to Unseal, BE, and the same IS hereby GRANTED; and

2. That Ernst & Young's Motion for Relief and supplemental request seeking the unsealing of informal discovery materials, BE, and the same IS hereby DENIED without prejudice to being reconsidered if appropriate; and

3. That Plaintiff's Motion to file a Second Amended Complaint BE and the same IS hereby DENIED, without prejudice to being reconsidered if appropriate; and

4. That a copy of this Memorandum and Order be mailed to counsel.